Burket, J.
It is well settled that a public officer is not entitled to receive pay for services out of the public treasury, unless there is some statute authorizing the same. Services performed for the public, where no provision is made by statute for payment, are regarded as a gratuity, or as being compensated by the fees, privileges and emoluments accruing to such officer in the matters pertaining to his office. Jones v. Commissioners, 57 Ohio St., 189. To warrant payment out of the public treasury, it must appear that such payment is authorized by statute. Section 5, Article 10 of the Constitution. Diebolt v. Trustees, 7 Ohio St., 237; Anderson v. Commissioners, 25 Ohio St., 13; Strawn v. Commissioners, 47 Ohio St., 404.
Sections 1255, 1256 and 1257, Revised Statutes, are as follows:
Section 1255. The clerks of the several common pleas, circuit and superior courts shall make an alphabetical index of the names of all plaintiffs and defendants to pending suits and living judgments, .showing therein, in separate columns the names, court and number of the suit or execution, and when there is more than one suit or judgment' for or against the same party, it shall be sufficient to index the name but once and make entries opposite thereto, of the court and the number of the suit or execution; provided, that no such index shall be made in counties where the same has already been done.
*110 Section 1256. The index required by the preceding section shall be made within six months from the passage of this act, and thereafter all new suits shall be so indexed at the time of the filing of the petition and all judgments at the time of the filing of the rendition, revival or a transcript thereof; provided, however, that whenever the court of common pleas of any county containing a city of the second grade, first class, shall direct, the clerk of said court shall make a re-index, in the manner provided in the preceding section, of all pending suits and living judgments, then on the docket of any or all of said courts, in which said re-index all n.ew suits shall be so indexed at the time of the filing of the petition and all judgments at the time of the filing of the rendition, revival or a transcript thereof.
Section 1257. The clerk shall receive the same fee for making such indexes, as is provided by law for making indexes to judgments, and whenever such re-index is made by him, by the order of the court, as provided in the preceding section, the clerk shall receive for re-indexing each pending suit and each living judgment, then upon the dockets of any of said courts, and actually indexed oy him, the sum of fifteen cents, payable out of the county treasury.
Section 1260, fixes the fees which clerks may tax against litigants, and among other fees that clerks may so tax are the following: “For indexing judgments'and final orders for each case, fifteen cents; making direct and reverse index to each execution issued, eight cents.”
Section 1263 provides that, “The clerk shall receive from the treasurer * * * the following fees; * * * making up and completing general *111 indexes, direct and reverse, of all judgments, final orders, and decrees, eight cents for each cause.”
The history of these sections has been carefully compiled and reviewed by counsel, with a view of thereby fixing a construction upon the sections as they now stand, and we have carefully considered the questions thus raised, and have concluded that there is nothing in the repealed sections to change the ordinary construction to be placed upon these sections in their present form.
The index to pending suits and living judgments, provided for in section 1255, is to be made only in counties wherein no such index had been made before the enactment of that section in 1881; and section 1256 requires such index to be made within six months after the passage of the act, March 24, 1881. Under the amendment of these two sections, March 24, 1881, a new index was required to be made in counties in which no such index had previously been made, and for the making of such new index, it was provided in section 1257, that clerks should receive the same fees as provided by law for making indexes to judgments. And it was then as now provided by law, section 1263, that clerks should receive from the treasurer for making up and completing general indexes, direct and reverse, of all judgments, final orders, and decrees, eight cents for each cause.
It is therefore clear that for the making of these new indexes of all pending suits and living judgments within six months after the amendment of said sections 1255 and 1256 on March 24, 1881, clerks were entitled to receive their pay out of the county treasury. But we have failed to find any statute, and none has been cited, warranting payment out of the county treasury for continuing and *112 bringing up these indexes of pending suits and living judgments from time to time as new suits should be filed, and new judgments rendered, and the compensation of clerks for such services, and for indexing executions, is covered by the fees for indexing allowed by section 1260 to be taxed against litigants.
The making up and completing of general indexes, direct and reverse, of all judgments, final orders, and decrees for which clerks are to receive eight cents for each cause, as provided in section 1263, includes not only the original making of such general indexes, but also keeping them up from time to time, so as to have at all times a complete general index of all judgments, final orders and decrees. As new judgments,. final orders or decrees are rendered, clerks are required to complete the general indexes by adding thereto all such new judgments, final orders and decrees, and for such services clerks are entitled to receive out of the county treasury the sum of eight cents for each cause.
The claim made by counsel for plaintiff in error, to the effect that each cause means each name, whether plaintiff or defendant, is not tenable. A name is not a cause, neither is a plaintiff or defendant a cause. The word cause is used in the sense of an action, or lawsuit. There may be many parties to an action, but all combined constitute but one action, one lawsuit, one cause. There is no error in the record.

Judgment affirmed. .